United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 17-11451-mdc
Jay A. Hafner                                                             Chapter 7
Velda M. Hafner
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin            Page 1 of 1           Date Rcvd: Jun 23, 2017
                              Form ID: 318           Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 25, 2017.
```
db/jdb         +Jay A. Hafner,    Velda M. Hafner,    416 Colonial Crest Drive,    Lancaster, PA 17601-6132
13875729       +City of Lancaster,    PO BOX 1599,    Lancaster, PA 17608-1599
13875727       +Comenitycapital/boscov,    Comenity Bank,    Po Box 182125,    Columbus, OH 43218-2125
13881636       +Eye Associates of Lancaster,    1254 Lititz Pike,    Lancaster  PA 17601-4340
13881657       +LANCASTER GENERAL HEALTH,    PO BOX  824809,    PHILADELPHIA  PA 19182-4809
13883597        Lancaster General,    PO BOX 3077,    Lancaster, PA  17604-3077
13875730       +Nationstar Mortgage LLC,    c/o Brian C. Nicholas Esquire,    KML Law Group, P.C.,
                 701 Market Street, Suite 5000,    Phila., PA 19106-1541
13877333       +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
13881635       +Pay Pal Credit,    PO BOX 105658,    Atlanta   GA 30348-5658
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: bankruptcy@phila.gov Jun 24 2017 01:05:01     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 24 2017 01:04:34      Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 24 2017 01:04:58     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
13875728       +E-mail/Text: unger@members1st.org Jun 24 2017 01:05:23     Members 1st F C U,    5000 Louise Dr,
                 Mechanicsburg, PA 17055-4899
13875731       +EDI: RMSC.COM Jun 24 2017 00:58:00     Synchrony Bank/Amazon,    Po Box 965064,
                 Orlando, FL 32896-5064
                                                                                              TOTAL: 5
```

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 25, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 22, 2017 at the address(es) listed below:
```
              ALAINE V. GRBACH    on behalf of Debtor Jay A. Hafner avgrbach@aol.com
              ALAINE V. GRBACH    on behalf of Joint Debtor Velda M. Hafner avgrbach@aol.com
              BRIAN CRAIG NICHOLAS    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bnicholas@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              CHRISTINE C. SHUBERT    christine.shubert@comcast.net, J100@ecfcbis.com
              MATTEO SAMUEL WEINER    on behalf of Creditor    NATIONSTAR MORTGAGE LLC bkgroup@kmllawgroup.com
              THOMAS I. PULEO    on behalf of Creditor    NATIONSTAR MORTGAGE LLC tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                              TOTAL: 7
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Jay A. Hafner** | Social Security number or ITIN **xxx−xx−9543** |
| | First Name  Middle Name  Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Velda M. Hafner** | Social Security number or ITIN **xxx−xx−9761** |
| | First Name  Middle Name  Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Eastern District of Pennsylvania** | | |
| Case number:  **17−11451−mdc** | | |

# Order of Discharge                                                                                      12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Jay A. Hafner                                                                 Velda M. Hafner

6/22/17                                          **By the court:**  Magdeline D. Coleman
                                                                United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                              **Order of Discharge**                              page 1

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318                **Order of Discharge**                page 2